STATE OF IOWA v. E. A. WALTHALL, Appellant and Two Other Cases.

Larceny: SENTENCE NOT EXCESSIVE. Where defendant pleaded guilty to three indictments for theft, and judgment was entered for a fine of $200, and imprisonment in the county jail for six months, under each indictment, the punishment was not excessive, though one indicted at the same time for the same offense was found guilty, and sentenced under one indictment to a fine of $300, and imprisonment in the county jail for 12 months, while the other indictments against him were dismissed.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

WEDNESDAY, DECEMBER 18, 1901.

THREE indictments were returned against defendant and John Mendenhall, October 26, 1900, accusing them of larceny of chickens in the nighttime of October 20th of that year from the private buildings of three different persons. Mendenhall stood trial on one indictment in January, 1901, was found guilty by a jury, and sentenced to pay a fine of $300 and be imprisoned in the county jail 12 months. The other indictments were dismissed as against him. This defendant pleaded guilty in March following to each indictment, and judgment was entered in each case that he pay a fine of $200, and be imprisoned in the county jail six months. He appeals.—*Affirmed.*

*W. S. Kenworthy* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Chas. A. Van Vleck,* Assistant Attorney-General for the State.

LADD, J.—The appellant insists that the punishment imposed was excessive. The circumstances of the different offenses are not disclosed by the record, and, without knowledge of these, it is impossible for us to say that the penalty inflicted was too severe. Nor is unjust discrimination between the accused shown. Why the indictments were dismissed as against Mendenhall, does not appear. Certainly it cannot be assumed that he was guilty of the offenses charged therein. On the other hand, the defendant has admitted his guilt in each instance. In other words, he stands convicted of three offenses against the law, and Mendenhall of but one. Again, these may not have been defendant's first infractions of the Criminal Code. Possibly the evidence before the grand jury stamped him as the leading spirit in this raid on chicken coops, or other circumstances existing called for a severer penalty. Without any information in respect to the circumstances surrounding the transaction or concerning the character of accused, other

than indicated by the record before us, we cannot say the judgments were excessive, or not such as the demands of justice required.—AFFIRMED.